Luis Alberto CONDOR–GOMEZ,
Petitioner,

v.

IMMIGRATION & NATURALIZATION
SERVICE, Respondent.

No. 01–71005.

INS No. A70–204–142.

United States Court of Appeals,
Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument, and denies the petitioner's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted April 8, 2002*.

Decided April 17, 2002.

Before BROWNING, KLEINFELD, and GOULD, Circuit Judges.

### MEMORANDUM**

Luis Alberto Condor–Gomez, a native and citizen of Peru, petitions pro se for review of a final decision of the Board of Immigration Appeals ("BIA") dismissing the appeal of the immigration judge's denial of his application for asylum and withholding of deportation. We have jurisdiction to review a final order of the BIA pursuant to 8 U.S.C. § 1105a(a),[1] and we deny the petition.

We review the BIA's factual findings, including whether a petitioner has demonstrated past persecution or a well-founded fear of future persecution, for substantial evidence, and we uphold the BIA ruling unless the evidence compels a contrary result. *Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000).

Substantial evidence supports the BIA's finding that the Shining Path's harassment of Condor–Gomez and his family does not amount to past persecution on account of imputed political opinion, *see Prasad v. INS,* 47 F.3d 336, 339–40 (9th Cir.1995), and that he does not have an objective fear of future persecution, *see Mendez–Efrain v. INS,* 813 F.2d 279, 282 (9th Cir.1987).

Accordingly, Condor–Gomez failed to establish eligibility for asylum and therefore failed to satisfy the more stringent standard for withholding of deportation. *See Pedro–Mateo,* 224 F.3d at 1150.

PETITION FOR REVIEW DENIED.

---

*This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, deportation proceedings initiated prior to April 1, 1997, for which a final order of deportation is issued after October 30, 1996, are subject to the transitional rules. *Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997). Because deportation proceedings were initiated against Condor–Gomez on November 2, 1994, and a final order of deportation was issued on May 30, 2001, the transitional rules apply to his case.

